CHRISTIAN SPECHT V. R. STEVENS & SON ET AL.,
    APPELLEES, IMPLEADED WITH FIRST METHODIST
    EPISCOPAL CHURCH OF OMAHA, APPELLANT.

FILED JANUARY 22, 1896.   No. 5849.

1. **Mechanics' Liens: CONTRACTS.** The contract under which the
    subcontractor furnished material and performed labor, on ac-
    count of which he filed the lien sought to be foreclosed in this
    case, *held* not such a written contract as is contemplated by the
    provisions of section 3, chapter 54, Compiled Statutes, in regard
    to mechanics' liens, wherein it states: "When any labor has been
    done or materials furnished as provided on a written contract,
    the same, or a copy thereof, shall be filed with the account herein
    required."

2. ——: ——: EVIDENCE.  The evidence examined, and *held* to
    sustain the decree of the district court except as to one item, in
    which particular it is modified, and, as modified, affirmed.

APPEAL from the district court of Douglas county.
Heard below before IRVINE, J.

*Breckenridge, Breckenridge & Crofoot,* for appellant.

*Schomp & Corson, Blair & Goss,* and *Tunnicliff & Page,*
contra.

HARRISON, J.

This action was instituted by Christian Specht to fore-
close a mechanic's lien upon lots 3 and 4, in block 80, in
the city of Omaha, and the church building standing
thereon, all owned by the First Methodist Episcopal Church
of Omaha.   R. Stevens & Son, of defendants, were the
contractors who built the church.   Mickel, Riley & Co.,
also of defendants, were subcontractors of R. Stevens &
Son, the contract of Mickel, Riley & Co. being for the ma-
terial and labor for the erection of the brick portion of the
building, and for a balance alleged to be due the firm on

account of such labor and material, it filed a statement and claim of lien upon the property of the church society and assigned, of the amounts which it was claimed was the firm's due, $2,281.22 to the First National Bank of Omaha, and any further sum due it on the account and lien, to the Chicago Lumber Company. During the progress of the suit a settlement was made with the plaintiff and the case dismissed, but it was afterwards reinstated in so far as it involved the cross-bill of the First National Bank. After this occurred, and before the trial, the Chicago Lumber Company re-assigned the lien, to the extent it had received an assignment of it, to Mickel, Riley & Co., who were allowed to enter an appearance and file a cross-petition praying for a foreclosure in favor of the firm of this part of the lien. The Kennard Glass & Paint Company did not appear in the cause. The controversy in the case was in respect to the validity of, and the amount due upon the one lien,—that filed by Mickel, Riley & Co. Its enforcement was sought by the party in whose name it was originally filed, and the First National Bank, and was contested by the church organization and R. Stevens & Son, the principal contractors. A trial of the issues resulted in a decree in favor of the First National Bank, establishing the lien and fixing the amount due at the sum of $2,363.08 and granting its foreclosure. From this decree the church organization has prosecuted this appeal.

When the papers filed by Mickel, Riley & Co. to perfect a lien were offered in evidence, the attorneys who appeared on behalf of the church society objected to them, as immaterial, irrelevant, and incompetent, for the reason that the affidavit shows that it is based upon a written contract, and no copy of the contract was attached to the paper. It is argued that in section 3 of chapter 54 of the Compiled Statutes, in relation to mechanics' liens, it is provided : " When any labor has been done or material furnished as provided on a written contract, the same, or a copy thereof,

shall be filed with the account herein required," and that this is mandatory, and if the labor is performed or materials furnished pursuant to the terms of a contract reduced to writing, and no copy of the contract attached to the papers filed to establish the lien of record, it is not perfected by such filing, and the account and accompanying affidavit were not competent as evidence of a perfected statutory lien. We do not think that the facts in regard to the contract between R. Stevens & Son, the contractors, and Mickel, Riley & Co., subcontractors, being a written one, within the meaning of the portion of the statutes in reference to such contracts, and the necessity of a copy being filed as a part of the mechanic's lien, are such as necessitate a discussion or decision of the question of the mandatory nature of the statutory provision in this particular. It was stated in the affidavit attached to the Mickel-Riley account that the materials were furnished and the labor performed "under a written and verbal contract," but the evidence disclosed that Mickel, Riley & Co. made R. Stevens & Son a proposition in writing, or submitted a written bid to furnish the materials and perform the labor, and that there was subsequently an acceptance of the bid, not in writing, but by word of mouth, and no other or further writing embodying the contract between the parties was ever made or signed, and the agreement, in so far as it was binding upon R. Stevens & Son, was never in any of its terms or conditions reduced to writing. There was clearly no such written contract as is contemplated in the portion of the section of the statutes to which reference has been made.

The further contention of appellant is confined to an attempt to make it appear that of the items of credit which it was claimed by Stevens & Son and the church should be applied to reduce the account filed with the lien in suit, some particular ones were disallowed by the trial court, in respect to which an opposite course should have been adopted. Of these was one in reference to extra brick work

in lieu of stone, one for hauling terra-cotta, and another in relation to staging or scaffolding. It is conceded by counsel for appellant, and is true, that the testimony in regard to each of these items was conflicting; and it is also true that there was ample evidence to sustain the finding of the trial court as to each of them, and it was not clearly contrary to any preponderance of the testimony. This being determined, following a well established rule of this court, the decision of the trial court as to each of these items will not be changed. L. H. Mickel, one member of the firm of Mickel, Riley & Co., subscribed $500 toward a fund being raised to pay for building the church, and it is claimed that he authorized the trustees of the church society to deduct one-half of this amount from the account of Mickel, Riley & Co. against the contractor, and that the amount so authorized, $250, should have been allowed as a credit upon the lien, which was not done by the trial court. The evidence discloses that the subscription was made in the amount claimed, and further, that there was something said between L. H. Mickel, the member of the firm who individually subscribed the sum, that its one-half should be applied as a credit on the account of the firm against the contractors, R. Stevens & Son, which might and did ripen into a lien upon the property of the church organization; but such an agreement, if made (which is somewhat doubtful from the evidence), being the agreement of an individual partner acting for himself alone in regard to his personal liability or debt, and not for the partnership, and the agreement not being within the knowledge of the firm or its members, or in any degree concurred in by the firm or the parties comprising it, did not and could not become or be binding upon the firm, or make the amount involved a credit upon the account due such firm.

It appears from the evidence that on July 2, 1889, a note was executed and delivered by R. Stevens & Son to Mickel, Riley & Co. in the sum of $1,000, that there were

several renewals of this note, and that it was finally paid
January or February, 1890. It is claimed on behalf of
the appellant that this was a payment upon the account of
Mickel, Riley & Co. for material furnished for and labor
performed on the church, and it should have been so ap-
plied, which was not done in the trial court, it having not
been allowed there as an item of credit. At or about the
time Mickel, Riley & Co. were working on the church
they were also working upon another building or buildings
for R. Stevens & Son, and it is asserted for appellees that
this $1,000, evidenced by the note of July 2, 1889, and
the renewals thereof, was a payment on an account other
than that accruing to the appellee firm on the church con-
tract. A careful examination and consideration of all the
testimony relating to this particular item—and we need not
discuss it at length—convinces us that the trial court was
right in its finding in regard to this point and in not al-
lowing its application as a credit on the account and lien in
suit.

There remains but one further point of contention to be
noticed. It was shown that Mickel, Riley & Co. executed
and delivered to R. Stevens & Son an accommodation note,
which the latter firm indorsed and obtained the money
thereon at the Omaha National Bank, which was done, R.
Stevens testifies, at the solicitation of Mickel, Riley & Co.,
or one member thereof acting for it, and the money thus
obtained was given or paid to the firm, and it was agreed
at the time of the transaction that if R. Stevens & Son
paid this note, its amount was to be credited as a payment
on what was known as "the church account" of appellee
firm. At the maturity of this note a similar one was made,
and the money obtained by its discount with another and dif-
ferent bank, and with the amount thus procured the first note
was paid. The second note was not paid by R. Stevens &
Son when it matured and was finally paid by Mickel, Riley
& Co., but subsequently R. Stevens & Son reimbursed them

therefor by delivering to them a note, known in the case and the account as the "Hopper note," in the sum of $300, and paying in cash, or by check, $125, which overpaid the amount due the firm on account of the payment by it of the $400 note, but the balance was, Stevens states, to be credited on the account. It is claimed for Mickel, Riley & Co. that the first of these $400 notes, and, indeed, the whole transaction, was for the accommodation of R. Stevens & Son, and that they, Mickel, Riley & Co., did not receive the money, the proceeds of the first of these notes, and the $400 should not be deducted from the amount of their account. The finding of the trial court was, as to this contention, favorable to the appellee firm and the First National Bank, successors by assignment to a portion of the firm's rights under the lien, and the $400 item was not deducted from or credited upon the sum claimed in the lien. After reading and considering all the testimony which has a bearing upon this point of the issues in the case, we are forced to the conclusion that the finding of the trial court thereupon was wrong and against the evidence in relation thereto, and it follows that such determination must be reversed and a finding entered in this court in favor of appellant for the amount involved in the controversy in this branch of the case. The decree of the district court will be modified by the conclusion last announced, which involves a deduction from the amount of the decree rendered herein, of the sum of $403.63, such deduction to be made as of the date of the original decree, and, as thus modified, such decree is affirmed.

DECREE ACCORDINGLY.

IRVINE, C., took no part in the decision.